# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-06-00741-CV

---

**In re Eleanor P. Sullivan**

---

## ORIGINAL PROCEEDING FROM BASTROP COUNTY

---

## O P I N I O N

Relator Eleanor P. Sullivan filed a petition for writ of mandamus challenging the trial court's order compelling her to produce portions of certain federal income tax returns. We conditionally grant the writ.

This original proceeding arises from a suit filed by the State seeking condemnation of approximately two acres owned by Sullivan along U.S. 290 in Bastrop County, where she operates a business, Highway 290 RV Park. The special commissioners awarded Sullivan $396,000 as just compensation. The State objected to this amount and, on March 31, 2006, served requests for production seeking an array of documents relating to the property, including appraisals and other estimations of value, statements reflecting income and expenses derived from the property and/or the RV park, and, in request no. 5, "[f]ederal income tax return statements that relate to the RV park for . . . 2003, 2004, 2005." The record reflects that Sullivan produced documents in response to the requests except for no. 5, to which she objected as overly broad, harassing, "seek[ing] information that is protected by Defendant's rights of privacy and seek[ing] privileged and proprietary information," "duplicative of information sought in other Requests," and lacking any showing by

the State "that it is unable to obtain the requested information through less intrusive means." On June 7, the State moved to compel production of the information requested in no. 5. A hearing was held on October 16. On October 25, the trial court signed an order granting the State's motion and compelling production of the tax returns on November 15 (a date chosen to afford Sullivan the opportunity to submit additional authority for reconsideration). The court also ordered that the returns "may be redacted to reveal only those portions . . . that pertain to the income derived and expenses incurred in Ms. Sullivan's operation of the Hwy. 290 R.V. Park." On November 21, the trial court signed an order denying Sullivan's motion for reconsideration, upholding its prior order compelling discovery of the redacted tax returns, and ordering production on November 29. Sullivan subsequently filed this proceeding with a motion for temporary emergency relief. We granted Sullivan's motion for temporary relief, staying production of the tax returns pending our resolution of the petition for mandamus. *See* Tex. R. App. P. 52.10.

The Texas Supreme Court has long cautioned us that:

> Subjecting federal income tax returns of our citizens to discovery is sustainable only because the pursuit of justice between the litigants outweighs protection of their privacy. But sacrifices of the latter should be kept to the minimum, and this requires scrupulous limitation of discovery to information furthering justice between the parties which, in turn, can only be information of relevancy and materiality to the matters in controversy.

*Maresca v. Marks*, 362 S.W.2d 299, 301 (Tex. 1962) (orig. proceeding);[1] *see Hall v. Lawlis*, 907 S.W.2d 493, 494 (Tex. 1995) (orig. proceeding) (income tax returns are discoverable to extent that they are relevant and material to issues presented in lawsuit); *Sears, Roebuck & Co. v. Ramirez*, 824

---

[1] The supreme court emphasized that the protection of this privacy interest "is of fundamental—indeed of constitutional importance." *Id.*

2

S.W.2d 558, 559 (Tex. 1991) (orig. proceeding) (issuance of mandamus was "guided by our reluctance to allow uncontrolled and unnecessary discovery of federal income tax returns.").

Once an objection is asserted, the party seeking discovery of the tax returns has the burden of showing relevance and materiality. *El Centro del Barrio, Inc. v. Barlow*, 894 S.W.2d 775, 779 (Tex. App.—San Antonio 1994, orig. proceeding). To meet its burden, the State submitted an affidavit from one of its property appraisers, Randy Williams. Williams testified that to determine fair market value of the land and improvements (which, he explained, bears upon the ultimate issue of just compensation), "an appraiser must take into account any income earned and expenses associated with the land and improvements." Williams contended that Sullivan had produced financial statements prior to the special commissioners' hearing, also made the basis for her appraiser's report, that were inconsistent with the financial data she subsequently disclosed in discovery. Williams urged that "[i]t is impossible based on the currently available information to determine which documents . . . if any, provide an accurate depiction of the income and expenses of the Hwy. 290 R.V. Park," and that "[t]he only way to determine the fair market value of [the property] is to examine the only audited[2] financial statements available—Ms. Sullivan's federal income tax statements."

The State contends here that Sullivan's federal income tax returns are relevant and material because "the information in the tax returns presumably represents the definitive account of the operating income and expenses associated with the property as an R.V. park," in contrast to the

---

[2] On appeal, the State clarifies that it "is not asserting that Sullivan's federal income tax returns have been audited," only that it "believes that the federal income tax returns are verified."

"inconsistent" information Sullivan has already produced. We conclude that, at this juncture, the trial court abused its discretion in finding that Sullivan's federal income tax returns are material.[3]

Federal income tax returns are not material if the same information can be obtained from another source. *El Centro del Barrio, Inc.*, 894 S.W.2d at 780; *Chamberlain v. Cherry*, 818 S.W.2d 201, 206 (Tex. App.—Amarillo 1991, orig. proceeding); *cf. Ramirez*, 824 S.W.2d at 559 (net worth information in income tax returns was unnecessarily duplicative of previously-produced annual reports). This limitation, as several of our sister courts have recognized, requires the requesting party to show that whatever relevant information contained in the federal income tax returns cannot be obtained through another source, such as interrogatories and depositions. *El Centro del Barrio, Inc.*, 894 S.W.2d at 780 (citing *Borenstein v. Blumenfeld*, 260 S.E.2d 377, 378 (Birdsong, J., concurring specially) ("Net worth, income, real estate holdings, stocks and bonds, and other such income producing holdings can be adequately obtained through interrogatories and depositions.")). To show materiality, the State does little more than express frustration with the financial information Sullivan produced in response to its first request for production and what it claims are inconsistencies between that information and the reports Sullivan previously submitted to the special commissioners. The State did not attempt to use (or explain why it could not use) interrogatories, depositions, or any other discovery device to follow-up its initial discovery request or further explore the bases for Sullivan's calculations. On this record, we conclude that the State is not entitled to production of Sullivan's tax returns. *See In re Doctors' Hosp. of Laredo*, 2 S.W.3d 504, 506 n.1 (Tex. App.—San Antonio 1999, orig. proceeding) (even when financial records are

---

[3] We will assume without deciding that Sullivan's tax returns contain relevant information.

4

relevant to issues in case and requested from party, privacy concerns require trial court to explore other methods of obtaining the information); *Kern v. Gleason*, 840 S.W.2d 730, 738 (Tex. App.—Amarillo 1992, orig. proceeding) (claimants required to attempt to discover relevant evidence from other records before seeking production of income tax returns).

The record reflects that the trial court was aware of the limits on discovery of federal income tax returns and judiciously attempted to balance the privacy concerns underlying these limits with the State's need to obtain relevant, material information. Where federal income tax returns contain relevant and material information, redaction, as the trial court ordered, may be advisable or necessary to limit disclosure solely to that discoverable information. *See*, *e.g.*, *Maresca*, 362 S.W.2d at 301. But where, as here, the record does not support a finding that the requested information is material so as to be discoverable, we must hold that the trial court abused its discretion in compelling production of any portion of the tax returns. *See In re DuPont de Nemours & Co.*, 136 S.W.3d 218, 223 (Tex. 2004) (court does not have discretion to analyze or apply law incorrectly). And compelling production of the tax returns leaves Sullivan without an adequate remedy by appeal. *See Lawlis*, 907 S.W.2d at 495.

We emphasize that our ruling is based solely on the record before us and that we express no opinion regarding whether, after additional discovery, Sullivan's tax returns could be shown to be material. *See Kern*, 840 S.W.2d at 738 (noting that if alternate source of information proves to be incomplete, renewed request for income tax returns could be made).

5

We conditionally grant the petition for writ of mandamus and direct the trial court to vacate its October 25, 2006 "Order Compelling Production of Documents" and November 21 Order. The writ will issue only if the court does not comply with this opinion. *See* Tex. R. App. P. 52.8.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Waldrop

Filed:   December 18, 2006

6