Opinion filed January 24, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed January 24,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00310-CV 

                                                     __________

 

                 IN RE
VAUGHN MILLER AND HENRY S. MILLER CO.

 

 



 

                                                Original
Mandamus Proceeding

 



 

                                             M
E M O R A N D U M   O P I N I O N

This
mandamus proceeding arises from a discovery order compelling production of
federal income tax returns for an in camera inspection.  We
conditionally grant the writ of mandamus.  

                                                               Background
Facts

Real
party in interest, Benton Craig Duke, filed suit against relators, Vaughn
Miller and Henry S. Miller Co., to recover an alleged debt incurred in
connection with the sponsorship of a polo team.  Duke alleged that Vaughn
Miller agreed to pay one-half of the team=s
expenses in exchange for the players wearing clothing during the tournament
indicating that they were sponsored by Henry S. Miller Co. 

Duke
sent requests for production to relators seeking copies of their 2004, 2005,
and 2006 federal tax returns.  Relators lodged the following objection to the
discovery requests: AIrrelevant
and unlikely to lead to the discovery of admissible evidence.@  Duke subsequently filed a
motion to compel production of the tax returns.  








The
trial court conducted a brief hearing on the motion to compel on July 19,
2007.  Duke argued that the tax returns were discoverable in light of Vaughn
Miller=s statement to
Duke that he needed copies of the receipts for the team=s expenses to give them to his accountant. 
Duke also asserted that the tax returns would be relevant to the extent that
they would show the amount, if any, that Henry S. Miller Co. assigned on its
tax returns to the expense it incurred with respect to the polo team=s sponsorship.  Relators
responded by arguing that the information sought by the request for the tax
returns could be obtained from other sources.  Duke did not respond to this
argument or otherwise make a showing that the information sought was not
available from other sources.  

The
trial court initially ruled at the hearing that relators must produce the tax
returns directly to Duke.  In response to relators= request, the trial court agreed for the tax
returns to be submitted for an in camera review.  The trial court
additionally agreed to Duke=s
request for an accountant to review the returns to locate the specific
information sought by Duke.  Relators subsequently filed this proceeding with a
motion for temporary emergency relief. We granted relators= motion for temporary
relief, staying production of the tax returns pending our resolution of the
petition for mandamus. See Tex.
R. App. P. 52.10.

                                                              Standard
of Review

Mandamus
relief is appropriate only if the trial court abused its discretion or violated
a legal duty and if there is no adequate remedy at law, such as an appeal. In
re Dana Corp., 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding); Walker
v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  A trial
court=s ruling that
requires production beyond what our procedural rules permit is an abuse of
discretion.  In re Dana Corp., 138 S.W.3d at 301.  Mandamus will issue
to correct a discovery order when the mandamus record establishes that the
order constitutes a clear abuse of discretion and there is no adequate remedy
by appeal. In re Colonial Pipeline Co., 968 S.W.2d 938, 941 (Tex. 1998).
Mandamus relief may be justified when the appellate court would not be able to
cure the trial court=s
discovery error, such as when privileged information would be revealed.  Walker,
827 S.W.2d at 843‑44. 








                                                  Production
of Income Tax Returns

A
party=s income tax
returns have historically been safeguarded in discovery.  The supreme court
outlined these protections in Maresca v. Marks, 362 S.W.2d 299, 301
(Tex. 1962) (orig. proceeding), as follows:  

Subjecting federal
income tax returns of our citizens to discovery is sustainable only because the
pursuit of justice between litigants outweighs protection of their privacy. But
sacrifice of the latter should be kept to the minimum, and this requires scrupulous
limitation of discovery to information furthering justice between the parties
which, in turn, can only be information of relevancy and materiality to the
matters in controversy.

 

Income tax
returns are subject to discovery to the extent that they are relevant and
material to the issues in the lawsuit.  Maresca, 362 S.W.2d at 300; El
Centro del Barrio Inc. v. Barow, 894 S.W.2d 775, 779 (Tex. App.CSan Antonio 1994, orig.
proceeding).  Ordinarily, a party resisting discovery has the burden of
establishing that the requested information is not discoverable.  See El
Centro del Barrio, Inc., 894 S.W.2d at 779.  The general rule is not
applicable with respect to the production of income tax returns, however,
because the party seeking their production bears the burden of showing that the
tax returns are relevant and material.  Id.

Texas
courts have held that tax returns are not material if the same information can
be obtained from other sources.  In re Sullivan, 214 S.W.3d 622,
624-25 (Tex. App.CAustin
2006, orig. proceeding); El Centro del Barrio, Inc., 894 S.W.2d at 779; Chamberlain
v. Cherry, 818 S.W.2d 201, 206 (Tex. App.CAmarillo
1991, orig. proceeding).  Accordingly, the party seeking the production of
income tax returns must show that the information sought cannot be obtained
from some other source, such as interrogatories and depositions.  In re
Sullivan, 214 S.W.3d at 625; El Centro del Barrio, Inc., 894
S.W.2d at 780. 

                                                                          Issue

Does
the trial court abuse its discretion by ordering the production of income tax
returns for an in camera inspection without a showing that the information
sought from the returns is not available from any other source?

                                                                        Analysis 









We
initially address Duke=s
contention that relators have not presented an issue ripe for mandamus relief. 
Duke bases this assertion on the fact that relators have only been ordered to
produce the tax returns for an in camera inspection.  He contends that
relators= privacy
interests have not been compromised in this regard because they have not yet
been ordered to provide the documents to him.  Duke additionally argues that
the trial court might determine that there are no portions of the tax returns
that are relevant to the case or that the trial court might schedule another
hearing in order to require Duke to establish that the information sought is
not available from another source.

We agree with Duke=s
premise that an in camera inspection of a privileged document can serve
to protect the privileged information contained in the document from disclosure
to the opposing party.  Regardless of the protection afforded by a preliminary in
camera inspection, relators will incur the burden and expense of having to
produce the documents for inspection by the court.  We note in this regard that
both parties acknowledged to the trial court that the tax returns for Henry S.
Miller Co. are voluminous.  

The
law is clear that income tax returns are not discoverable without a preliminary
showing that the information sought from the returns is not available from
other sources. The requirement that Duke must show that the desired information
is not available from other sources is not onerous.  If he has been
unsuccessful in obtaining the desired information through other discovery
methods, he can easily convey this information to the trial court.  If Duke has
not attempted to obtain the information from other sources, his request for
relators= tax returns
is premature.  Furthermore, the production of the tax returns for an in
camera inspection will not apprise the trial court that the information
sought from the tax returns is not available from other sources.  

We
conclude that the trial court abused its discretion by requiring relators to
produce their tax returns without a showing by Duke that the information cannot
be obtained from other sources. Our ruling is based solely on the record before
us.  We express no opinion regarding whether, after additional discovery,
relators= tax returns
could be shown to be material.

                                                               This
Court=s Ruling








Relators
Vaughn Miller and Henry S. Miller Co.=s
petition for writ of mandamus is conditionally granted. The trial court is
directed to rescind its August 27, 2007, order directing relators to produce
their 2004, 2005, and 2006 income tax returns for an in camera inspection. 
In the event this order is not rescinded by February 25, 2008, the writ of
mandamus shall issue.

 

 

TERRY McCALL

JUSTICE

 

January 24, 2008

Panel consists
of: Wright, C.J., and McCall, J.

Strange, J., not
participating.