TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00369-CV






In re Vernon L. Shive and Kendall Shive






ORIGINAL PROCEEDING FROM CALDWELL COUNTY




M E M O R A N D U M O P I N I O N



 On June 9, 2008, relators Vernon L. Shive and Kendall Shive filed a petition for writ
of mandamus and emergency motion for stay in this Court. See Tex. Gov't Code Ann. § 22.221
(West 2004); see also Tex. R. App. P. 52. On June 9, 2008, we granted relators' request for stay
pending this Court's action on the petition for writ of mandamus and ordered the real parties in
interest Vernon McLemore, J.D. Fullilove, and Insulform, Inc. to file a response. See Tex. R. App.
P. 52.8(b)(1). Real parties in interest filed a response, and relators filed a reply to the response.

 In their petition for writ of mandamus, relators ask this Court to direct the Honorable
Jack H. Robison, presiding judge of the 421st Judicial District Court of Caldwell County, to vacate
his February 7, 2008, order granting real parties in interest's motion to compel discovery to the
extent the order requires the production of relators' income tax returns. In its order compelling the
production of relators' tax returns, the trial court ordered relators to produce income tax returns from
1995 forward with the limitation that: "[a] confidential disclosure shall be executed in connection
with the production of these documents to counsel for Defendants. The documents responsive to this
request shall be identified as for attorneys eyes only."

 In response to the order to compel, the parties shortly thereafter entered into an agreed
protective order concerning the production of relators' income tax returns and filed the order with
the trial court. Relators also filed amended petitions and, based on their amended petitions, filed a
"Motion for Relief from Discovery Order to Produce Income Tax Returns as Moot." In the motion,
relators contend that the order compelling the production of income tax returns is moot because they
removed any claim for lost profit damages in their amended petitions. Relators state in the motion
that they amended their petitions "to delete any claim for lost profits" to cure the discovery dispute. 
The record that was provided shows that the motion for relief from the discovery order and the
agreed protective order remain pending and that real parties in interest also have a motion that is
pending before the trial court--a motion for contempt for failure to comply with the trial court's
February 2008, order compelling the production of income tax returns. See Tex. R. App. P. 52.3;
Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992) ("As the party seeking relief, the [relators] had
the burden of providing this Court with a sufficient record to establish their right to mandamus
relief.").

 In light of the pending motions and protective order with the trial court, we conclude
that mandamus relief would be premature. See, e.g., General Motors Corp. v. Gayle, 951 S.W.2d
469, 473 (Tex. 1997). On this record, relators have not established their entitlement to
the extraordinary relief of a writ of mandamus. (1) See In re Cerberus Capital Management, L.P.,
164 S.W.3d 379, 382 (Tex. 2005); In re Nitla S.A. de C.V., 92 S.W.3d 419, 422-23 (Tex. 2002);
Walker, 827 S.W.2d at 839-40. Accordingly, we deny relators' petition for writ of mandamus and
vacate our June 9, 2008, order to the extent it stayed the trial court's order compelling the production
of relators' income tax returns.

 


 __________________________________________

 Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Filed: June 26, 2008
1. Because relators did not pursue mandamus relief when the trial court ordered them to
produce the income tax returns but elected to amend their pleadings and to file a motion seeking
relief from the trial court on the basis that the trial court's order to compel was moot, we decline to
address the merits of relators' contention that the trial court abused its discretion in compelling
the production of relators' income tax returns for a period exceeding ten years. See Hall v. Lawlis,
907 S.W.2d 493, 494-95 (Tex. 1995) (orig. proceeding) (income tax returns are discoverable to
the extent that they are relevant and material to issues presented in lawsuit); Maresca v. Marks,
362 S.W.2d 299, 300-01 (Tex. 1962) (orig. proceeding) (reserving the right to issue mandamus
where the order of the trial judge "does not separate for protection against discovery those portions
of income tax returns plainly irrelevant and immaterial to the matters in controversy"); In re Sullivan,
214 S.W.3d 622, 624-25 (Tex. App.--Austin 2006, orig. proceeding) ("Federal income tax returns
are not material if the same information can be obtained from another source.").