# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00369-CV

## In re Vernon L. Shive and Kendall Shive

### ORIGINAL PROCEEDING FROM CALDWELL COUNTY

### M E M O R A N D U M   O P I N I O N

On June 9, 2008, relators Vernon L. Shive and Kendall Shive filed a petition for writ of mandamus and emergency motion for stay in this Court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. On June 9, 2008, we granted relators' request for stay pending this Court's action on the petition for writ of mandamus and ordered the real parties in interest Vernon McLemore, J.D. Fullilove, and Insulform, Inc. to file a response. *See* Tex. R. App. P. 52.8(b)(1). Real parties in interest filed a response, and relators filed a reply to the response.

In their petition for writ of mandamus, relators ask this Court to direct the Honorable Jack H. Robison, presiding judge of the 421st Judicial District Court of Caldwell County, to vacate his February 7, 2008, order granting real parties in interest's motion to compel discovery to the extent the order requires the production of relators' income tax returns. In its order compelling the production of relators' tax returns, the trial court ordered relators to produce income tax returns from 1995 forward with the limitation that: "[a] confidential disclosure shall be executed in connection with the production of these documents to counsel for Defendants. The documents responsive to this request shall be identified as for attorneys eyes only."

In response to the order to compel, the parties shortly thereafter entered into an agreed protective order concerning the production of relators' income tax returns and filed the order with the trial court. Relators also filed amended petitions and, based on their amended petitions, filed a "Motion for Relief from Discovery Order to Produce Income Tax Returns as Moot." In the motion, relators contend that the order compelling the production of income tax returns is moot because they removed any claim for lost profit damages in their amended petitions. Relators state in the motion that they amended their petitions "to delete any claim for lost profits" to cure the discovery dispute. The record that was provided shows that the motion for relief from the discovery order and the agreed protective order remain pending and that real parties in interest also have a motion that is pending before the trial court—a motion for contempt for failure to comply with the trial court's February 2008, order compelling the production of income tax returns. *See* Tex. R. App. P. 52.3; *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) ("As the party seeking relief, the [relators] had the burden of providing this Court with a sufficient record to establish their right to mandamus relief.").

In light of the pending motions and protective order with the trial court, we conclude that mandamus relief would be premature. *See, e.g.*, *General Motors Corp. v. Gayle*, 951 S.W.2d 469, 473 (Tex. 1997). On this record, relators have not established their entitlement to the extraordinary relief of a writ of mandamus.[1] *See In re Cerberus Capital Management, L.P.*,

---

[1] Because relators did not pursue mandamus relief when the trial court ordered them to produce the income tax returns but elected to amend their pleadings and to file a motion seeking relief from the trial court on the basis that the trial court's order to compel was moot, we decline to address the merits of relators' contention that the trial court abused its discretion in compelling the production of relators' income tax returns for a period exceeding ten years. *See Hall v. Lawlis*, 907 S.W.2d 493, 494-95 (Tex. 1995) (orig. proceeding) (income tax returns are discoverable to

164 S.W.3d 379, 382 (Tex. 2005); *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422-23 (Tex. 2002); *Walker*, 827 S.W.2d at 839-40. Accordingly, we deny relators' petition for writ of mandamus and vacate our June 9, 2008, order to the extent it stayed the trial court's order compelling the production of relators' income tax returns.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Filed: June 26, 2008

---

the extent that they are relevant and material to issues presented in lawsuit); *Maresca v. Marks*, 362 S.W.2d 299, 300-01 (Tex. 1962) (orig. proceeding) (reserving the right to issue mandamus where the order of the trial judge "does not separate for protection against discovery those portions of income tax returns plainly irrelevant and immaterial to the matters in controversy"); *In re Sullivan*, 214 S.W.3d 622, 624-25 (Tex. App.—Austin 2006, orig. proceeding) ("Federal income tax returns are not material if the same information can be obtained from another source.").