ACCEPTED
14-15-00401-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
5/4/2015 12:45:30 PM
CHRISTOPHER PRINE
CLERK

# NO. _____-CV

_____

## IN THE COURT OF APPEALS
## FOR THE FIRST OR FOURTEENTH DISTRICT OF TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
5/4/2015 12:45:30 PM
CHRISTOPHER A. PRINE
Clerk

_____

## IN RE JOSE GOMEZ AND EDUARDO GOMEZ, INDIVIDUALLY AND AS FORMER REPRESENTATIVES OF MCCARTY TRUCK WASH & LUBE, INC., GOMEZ MCCARTY TRUCK WASH & LUBE, INC. F/K/A MCCARTY TRUCK WASH & LUBE, INC. AND BROTHERS TIRE SERVICES, INC. D/B/A MCCARTY TRUCK WASH, LUBE AND TIRES

_____

## ORIGINAL PROCEEDING IN THE 215TH DISTRICT COURT OF HARRIS COUNTY, TEXAS
## CAUSE NO. 2010-56104
## THE HONORABLE JUDGE ELAINE H. PALMER, PRESIDING

_____

## RELATORS' MOTION FOR EMERGENCY STAY

_____

Steve M. Williard
Texas Bar No. 00788684
The Williard Law Firm, L.P.
1920 N. Memorial Way, Suite 207
Houston, Texas 77007
Phone: (713) 529-6300
Fax:    (713) 529-6315
E-mail: steve@williardlaw.com
**ATTORNEY FOR RELATORS, JOSE GOMEZ AND EDUARDO GOMEZ, INDIVIDUALLY AND AS FORMER REPRESENTATIVES OF MCCARTY TRUCK WASH & LUBE, INC., GOMEZ MCCARTY TRUCK WASH & LUBE, INC. F/K/A MCCARTY TRUCK WASH & LUBE, INC. AND BROTHERS TIRE SERVICES, INC. D/B/A MCCARTY TRUCK WASH, LUBE AND TIRES**

NO. _____-CV
_____

**IN THE COURT OF APPEALS
FOR THE FIRST OR FOURTEENTH DISTRICT OF TEXAS**
_____

**IN RE JOSE GOMEZ AND EDUARDO GOMEZ, INDIVIDUALLY AND
AS FORMER REPRESENTATIVES OF MCCARTY TRUCK WASH &
LUBE, INC., GOMEZ MCCARTY TRUCK WASH & LUBE, INC. F/K/A
MCCARTY TRUCK WASH & LUBE, INC. AND BROTHERS TIRE
SERVICES, INC. D/B/A MCCARTY TRUCK WASH, LUBE AND TIRES**
_____

**ORIGINAL PROCEEDING IN THE 215TH DISTRICT COURT OF
HARRIS COUNTY, TEXAS
CAUSE NO. 2010-56104
THE HONORABLE JUDGE ELAINE H. PALMER, PRESIDING**
_____

**RELATORS' MOTION FOR EMERGENCY STAY**
_____

Relators, JOSE GOMEZ AND EDUARDO GOMEZ, INDIVIDUALLY AND

AS FORMER REPRESENTATIVES OF MCCARTY TRUCK WASH & LUBE,

INC., GOMEZ MCCARTY TRUCK WASH & LUBE, INC. F/K/A MCCARTY

TRUCK WASH & LUBE, INC. AND BROTHERS TIRE SERVICES, INC. D/B/A

MCCARTY TRUCK WASH, LUBE AND TIRES, asks the Court for an emergency

stay.

## A. INTRODUCTION

1.     Relators are JOSE GOMEZ AND EDUARDO GOMEZ, INDIVIDUALLY AND AS FORMER REPRESENTATIVES OF MCCARTY TRUCK WASH & LUBE, INC., GOMEZ MCCARTY TRUCK WASH & LUBE, INC. F/K/A MCCARTY TRUCK WASH & LUBE, INC. AND BROTHERS TIRE SERVICES, INC. D/B/A MCCARTY TRUCK WASH, LUBE AND TIRES (collectively "Relators"). Real Parties In Interest are MANUEL D. PINEDA, SUCCESSOR TO MCCARTY TRUCK WASH & LUBE, INC. ("Pineda"), MCCARTY TRUCK WASH & LUBE, L.L.C. ("McCarty") and JUAN MUNOZ ("Munoz") (Pineda, McCarty and Munoz collectively "Real Parties In Interest"). Respondent is HONORABLE JUDGE ELAINE H. PALMER ("Respondent").

2.     Relators have simultaneously filed their Petition for Writ of Mandamus, in which it asks the Court to direct Respondent, the Honorable Judge Elaine H. Palmer, 215th District Court, Harris County, Texas, to vacate an order signed by Respondent on September 26, 2014 ("Order"). (App. Tab No. 1).

3.     Relators attach a certificate of compliance certifying that on May 4, 2015, they notified Respondent and Real Parties In Interest by expedited means (fax, email and/or telephone) that a motion for temporary relief would be filed.  Tex. R. App. P. 52.10(a).

3

4. This original proceeding and request for emergency stay arises out of an order granting sanctions against Relators.

5. On August 1, 2014, Real Parties In Interest filed their First Supplemental Motion for Sanctions and to Strike Counter-Defendants' Answer to Counter-Plaintiffs' Counter-Claim and Plaintiffs' Fifth Amended Petition and Application for Permanent Injunction ("Motion"). (App. Tab No. 2).

6. On September 23, 2014, Relators filed their Response to Defendants' First Supplemental Motion for Sanctions and to Strike Counter-Defendants' Answer to Counter-Plaintiffs' Counter-Claim and Plaintiffs' Fifth Amended Petition and Application for Permanent Injunction ("Response to Motion"). (App. Tab No. 3).

7. On September 26, 2014, without a hearing being conducted at the time stated in Real Parties In Interest's notice of hearing, the Court signed the Order granting Real Parties In Interest's Motion. The Order ordered, *inter alia*, that (1) all tax and Secretary of State documents related to the Reinstatement and any testimony related thereto are excluded; (2) that any argument to the effect that Relators are the senior holder of the name or mark of McCarty Truck Wash & Lube is prohibited; and (3) striking the pleading entitled Counter-Defendants' Answer to Counter-Plaintiff's Counter-Claims and Plaintiff's Fifth Amended Petition and Application for Permanent Injunction.

8.      Relators filed a Verified Motion for Reconsideration of the Court's Order of September 26, 2014 ("Motion for Reconsideration") which has not been ruled on by the trial court. This matter is currently set for trial on May 18, 2015.

9.      Relators contend the trial court abused its discretion when it granted sanctions against Relators based upon the fact that (a) the trial court failed to conduct a hearing at the time scheduled; (b) there is no evidence in the record to suggest that any of the allegations contained in the Motion are true; and (c) the trial court failed to consider lesser remedies.

## B.  ARGUMENTS & AUTHORITIES

10.     The Court may grant temporary relief pending its determination of an original proceeding.  Tex. R. App. P. 52.10(b).

11.     This emergency stay is necessary to maintain the status quo of the parties and to preserve the Court's jurisdiction to consider the merits of the trial court's Order.  *In re Reed*, 901 S.W.2d 604, 609 (Tex. App. - San Antonio 1995, original proceeding).

12.     For the reasons set forth in Relators' Petition for Writ of Mandamus, the trial court abused its discretion when it signed the Order granting sanctions against Relators for amending their pleading in response to Real Parties In Interest's amending their court-suit six (6) days before trial alleging for the first time a breach

5

of an alleged contract and/or producing fifty (50) boxes of records nine (9) months before trial. To enable the Court to fully consider the arguments and record, Relators request a stay of the Order until such time as the Court issues a final ruling on the Petition for Writ of Mandamus.

## C. CONCLUSION

13. A stay of the Order which granted Real Parties In Interest's Motion is necessary to preserve Relators' rights and to prevent Relators from being subjected to Respondent's abuse of discretion.

## D. PRAYER

14. For the reasons stated in this motion, Relators ask the Court for an emergency stay to maintain the status quo of the parties and preserve the Court's jurisdiction to consider the merits of Relators' Petition for Writ of Mandamus.

Respectfully submitted,

/s/ Steve M. Williard
Steve M. Williard
Texas Bar No. 00788684
The Williard Law Firm, L.P.
1920 N. Memorial Way, Suite 207
Houston, Texas 77007
Phone: (713) 529-6300
Fax:     (713) 529-6315
E-mail: steve@williardlaw.com

**ATTORNEY FOR RELATORS,
JOSE GOMEZ AND EDUARDO GOMEZ,
INDIVIDUALLY AND AS FORMER
REPRESENTATIVES OF MCCARTY
TRUCK WASH & LUBE, INC., GOMEZ
MCCARTY TRUCK WASH & LUBE,
INC. F/K/A MCCARTY TRUCK WASH
& LUBE, INC. AND BROTHERS TIRE
SERVICES, INC. D/B/A MCCARTY
TRUCK WASH, LUBE AND TIRES**

## CERTIFICATE OF CONFERENCE

I certify that I have conferred with counsel for the Real Parties In Interest regarding the requested relief and counsel for the Real Parties In Interest has not agreed and is opposed to the filing of this motion.

/s/ Steve M. Williard
Steve M. Williard

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served on all parties and/or counsel as required by the Texas Rules of Appellate Procedure by U.S. mail, fax, and/or personal delivery on May 4, 2015 as follows:

***Via Certified Mail/RRR #7014 3490 0000 1008 6157***
Ms. Elizabeth Burkhardt
Saenz & Burkhardt, P.L.L.C.
5503 Lawndale
Houston, Texas 77023
Phone: (832) 922-2919
Fax:    (713) 468-5932
E-mail: Elizabeth@SaenzBurkhardt.com
*Attorney for Real Parties In Interest: Manuel D. Pineda, Successor to McCarty Truck Wash and Lube, Inc., McCarty Truck Wash & Lube, L.L.C. and Juan Munoz*

***Via Certified Mail/RRR #7014 3490 0000 1008 6164***
The Honorable Judge Elaine H. Palmer
215th Harris County District Court
201 Caroline, Floor 13
Houston, Texas 77002
Phone: (713) 368-6330
*Respondent*

/s/ Steve M. Williard
Steve M. Williard

## CERTIFICATE OF COMPLIANCE

Under Texas Rule of Appellate Procedure 52.10(a), I certify that I have made a diligent effort to notify all parties by telephone and/or facsimile that a motion for temporary relief would be filed.

/s/ Steve M. Williard
Steve M. Williard

NO. _____-CV
_____

## IN THE COURT OF APPEALS
## FOR THE FIRST OR FOURTEENTH DISTRICT OF TEXAS
_____

**IN RE JOSE GOMEZ AND EDUARDO GOMEZ, INDIVIDUALLY AND AS FORMER REPRESENTATIVES OF MCCARTY TRUCK WASH & LUBE, INC., GOMEZ MCCARTY TRUCK WASH & LUBE, INC. F/K/A MCCARTY TRUCK WASH & LUBE, INC. AND BROTHERS TIRE SERVICES, INC. D/B/A MCCARTY TRUCK WASH, LUBE AND TIRES**
_____

**ORIGINAL PROCEEDING IN THE 215ᵀᴴ DISTRICT COURT OF HARRIS COUNTY, TEXAS
CAUSE NO. 2010-56104
THE HONORABLE JUDGE ELAINE H. PALMER, PRESIDING**
_____

### RELATORS' MOTION FOR EMERGENCY STAY
_____

Relators submit the following documents in support of their Motion for Emergency Stay:

**Document Title**                                                        **Tab No.**

Order Granting Defendants' Motion for Sanctions...................................1

First Supplemental Motion for Sanctions and to Strike
Counter-Defendants' Answer to Counter-Plaintiffs'
Counter-Claim and Plaintiffs' Fifth Amended Petition
and Application for Permanent Injunction.............................................2

11

Plaintiffs' Response to Defendants' First Supplemental
Motion for Sanctions and to Strike Counter-Defendants'
Answer to Counter-Plaintiffs' Counter-Claim and Plaintiffs'
Fifth Amended Petition and Application for Permanent Injunction........3

STATE OF TEXAS §
§
COUNTY OF HARRIS §

## AFFIDAVIT OF STEVE M. WILLIARD

Before me, the undersigned notary, on this day personally appeared Steve M. Williard, the affiant, a person whose identity is known to me. After I administered an oath, affiant testified:

1. My name is Steve M. Williard. I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts in this affidavit are within my personal knowledge and are true and correct.

2. I am the attorney for Relators. All of the facts stated in the Motion for Emergency Stay are true and correct statements.

Further, affiant sayeth not.

_____
Steve M. Williard

SUBSCRIBED AND SWORN TO before me on the 4 day of May, 2015.

DAWN M STABLER
NOTARY PUBLIC
State of Texas
Comm. Exp. 09-21-2015

_____
Notary Public in and for the State of Texas
Print Name: Dawn Stabler
My Commission Expires: 9-21-15

F:\Files\Gomez, Eduardo\McCarty Truck Wash Lit\Appeal Matter (Second)\02 Motion for Emergency Stay.wpd

13

CAUSE NO. 2010-56104

| | | |
|---|---|---|
| JOSE GOMEZ AND EDUARDO | § | IN THE DISTRICT COURT OF |
| GOMEZ D/B/A BROTHERS TIRE | § | |
| SERVICES. INC. D/B/A MCCARTY TRUCK | § | |
| WASH. LUBE AND TIRES | § | |
| | § | |
| V. | § | HARRIS COUNTY, T E X A S |
| | § | |
| MANUEL D. PINEDA. | § | |
| D/B/A MC CARTY TRUCK WASH | § | |
| AND LUBE. INC.. AND MCCARTY | § | |
| TRUCK WASH & LUBE, L.L.C. | § | 215TH JUDICIAL DISTRICT |

## ORDER GRANTING DEFENDANTS' MOTION FOR SANCTIONS

On the _____ day of _____, 2014. came on for hearing Defendants'
MOTION FOR SANCTIONS OR IN THE ALTERNATIVE MOTION TO BIFURCATE TRIAL
AND FOURTH MOTION FOR CONTINUANCE OF MCCARTY TRUCK WASH & LUBE.
LLC AND SECOND MOTION FOR CONTINUANCE OF JUAN MUNOZ and FIRST
SUPPLEMENTAL MOTION FOR SANCTIONS AND TO STRIKE NEWLY DESIGNATED
WITNESSES AND "COUNTER-DEFENDANTS' ANSWER TO COUNTER-PLAINTIFFS'
COUNTER-CLAIM" and PLAINTIFFS' FIFTH AMENDED PETITION AND APPLICATION
FOR PERMANENT INJUNCTION".

The Court having heard the evidence and arguments of counsel GRANTS the motion as
follows.

THIS COURT FINDS that JOSE GOMEZ and EDUARDO GOMEZ, Individually and
BROTHERS TIRE SERVICES. INC. d/b/a MCCARTY TRUCK WASH. LUBE & TIRES.
MCCARTY TRUCK WASH & LUBE. INC. and GOMEZ MCCARTY TRUCK WASH &
LUBE. INC. is sanctioned for repeatedly ignoring discovery rules. adding new parties on the eve

1

APP. TAB NO. 1

of trial when it has had knowledge regarding the person's involvement since the beginning of the case (Juan Munoz), hiding documents and producing material documents right before trial (50 boxes) and the tax related documents that still have not been produced, and adding new witness designations (10 right before the instant trial setting) repeatedly forcing Motions for Continuance to be filed due to late discovery and late filing of 10 new affirmative defenses.

THEREFORE, as a sanction for discovery abuse and late filing of new defenses that should have been alleged prior to the beginning of trial on this matter, IT IS ORDERED that: (1) all tax and Secretary of State documents related to the Reinstatement and any testimony related thereto are excluded; (2) that any argument to the effect that JOSE GOMEZ and EDUARDO GOMEZ, Individually and BROTHERS TIRE SERVICES, INC. d/b/a MCCARTY TRUCK WASH, LUBE & TIRES, MCCARTY TRUCK WASH & LUBE, INC. and GOMEZ MCCARTY TRUCK WASH & LUBE, INC. are the senior holder of the name or mark of McCarty Truck Wash & Lube is prohibited; (3) an order compelling production of all documents provided by or received from the Secretary of State's and Comptroller of Public Accounts' offices; (4) exclusion of 10 late designated witnesses; (5) striking the pleading entitled Counter-Defendants' Answer to Counter-Plaintiff's Counter-Claims and Plaintiff's Fifth Amended Petition and Application for Permanent Injunction; and (6) reasonable and necessary attorneys fees and expenses in the amount of $~~10,687.50~~ #11,587.50 be paid on or before 5:00 p.m. on October 31, 2014 to EHP Saenz & Burkhardt PLLC at 5503 Lawndale, Houston, TX 77023

SIGNED on the 26TH day of SEPTEMBER, 2014.

PRESIDING JUDGE

2

CAUSE NO. 2010-56104

| | | |
|---|---|---|
| JOSE GOMEZ AND EDUARDO GOMEZ D/B/A BROTHERS TIRE SERVICES, INC. D/B/A MCCARTY TRUCK WASH, LUBE AND TIRES | § § § § § | IN THE DISTRICT COURT OF |
| V. | § § | HARRIS COUNTY, T E X A S |
| MANUEL D. PINEDA, D/B/A MC CARTY TRUCK WASH AND LUBE, INC., AND MCCARTY TRUCK WASH & LUBE, L.L.C. | § § § § § | 215TH JUDICIAL DISTRICT |

### FIRST SUPPLEMENTAL MOTION FOR SANCTIONS AND TO STRIKE COUNTER-DEFENDANTS' ANSWER TO COUNTER-PLAINTIFFS' COUNTER-CLAIM AND PLAINTIFFS' FIFTH AMENDED PETITION AND APPLICATION FOR PERMANENT INJUNCTION

COMES NOW, MANUEL D. PINEDA, Individually, JUAN MUNOZ, Individually, and MC CARTY TRUCK WASH AND LUBE, L.L.C. and files this their FIRST SUPPLEMENTAL MOTION FOR SANCTIONS AND TO STRIKE COUNTER-DEFENDANTS' ANSWER TO COUNTER-PLAINTIFFS' COUNTER-CLAIM AND PLAINTIFFS' FIFTH AMENDED PETITION AND APPLICATION FOR PERMANENT INJUNCTION which supplements its MOTION FOR SANCTIONS OR IN THE ALTERNATIVE MOTION TO BIFURCATE TRIAL AND FOURTH MOTION FOR CONTINUANCE OF MCCARTY TRUCK WASH & LUBE, LLC AND SECOND MOTION FOR CONTINUANCE OF JUAN MUNOZ, and the would show as follows:

1. On July 28, 2014, Defendants received Counter-Defendants' Answer to Counter-Plaintiffs' Counter-Claims and Plaintiffs' Fifth Amended Petition and Application for Permanent Injunction alleging 10 previously un-pled affirmative defenses to enforcement of the settlement contract existing between the Parties. Typically, Plaintiffs filed late discovery

1

Unofficial Copy Office of Chris Daniel District Clerk



APP. TAB NO. 2

on the eve of trial which has necessitated the filing of motions for continuances. In this instance, the late filing was made over two weeks after the trial of the matter. See the transcript of the trial, which is attached as Exhibit "1".

2.   No pleadings or discovery responses have been filed putting Plaintiffs on notice of these 10 affirmative defenses. Even as late as the July 14, 2014 trial, Plaintiffs have made no mention of the affirmative defenses of: ambiguity, estoppel, statute of limitations, waiver, failure to mitigate, proportionate responsibility, and fraud in the inducement. See Plaintiffs' responses to request for disclosures, a true and correct copy of which is attached hereto as Exhibit "2", a copy of Plaintiffs' Responses to Defendants' Motion to Enforce Settlement Agreement and Motion to Disqualify Elizabeth Burkhardt, a copy of which is in the court's file and which reflects that these affirmative defenses were not made. Judicial notice is requested of this pleading.

3.   SUCH LATE ALLEGATIONS AND LACK OF DISCOVERY IS PART OF A PATTERN THAT JUSTIFIES IMPOSITION OF SANCTIONS. These defenses should be struck as a sanction for failing to timely allege the affirmative defenses and provide discovery.

4.   ATTORNEY FEES. The late allegation of these defense plus the conduct resulting in the filing of MOTION FOR SANCTIONS OR IN THE ALTERNATIVE MOTION TO BIFURCATE TRIAL AND FOURTH MOTION FOR CONTINUANCE OF MCCARTY TRUCK WASH & LUBE, LLC AND SECOND MOTION FOR CONTINUANCE OF JUAN MUNOZ has resulted in additional attorney's fees and expenses for the preparation of this motion and the additions to the motion for summary judgment on the affirmative

2

Unofficial Copy Office or Chris Daniel District Clerk

defense issues.  The complained of behavior has resulted in an additional $10,687.50 in fees and expenses.

5.    REQUESTED RELIEF. Gomez Group has repeatedly ignored discovery rules, added new parties on the eve of trial when it has had knowledge regarding the person's involvement since the beginning of the case (Juan Munoz), hidden documents and produced material documents right before trial (50 boxes) and the tax related documents that still have not been produced, and added new witness designations (10 right before the instant trial setting) repeatedly forcing Motions for Continuance to be filed as reflected above and has now alleged 10 new affirmative defenses.  Prior to the last trial setting, Gomez Group has failed to produce documents that go to the heart of the case, namely the tax documents related to the forfeiture of the company charter.  While these documents have clearly been in existence for some time period, they have never been produced even though they must exist or the Secretary of State would not have reinstated.  The appropriate remedies are: (1) exclusion of the Reinstatement and any testimony related to it, (2) a prohibition against any claim that the Gomez Group is the senior holder of the name or mark of McCarty Truck Wash & Lube, (3) rejection of a jury charge on seniority of the user of the name McCarty Truck Wash & Lube, Inc., (4) an order compelling production of all documents provided by or received from the Secretary of State's and Comptroller of Public Accounts' offices; (5) exclusion of late designated witnesses; and (6) attorneys fees and expenses related to the unproduced documents in the amount of $6,000.00 as of the time of the filing of the motion for sanctions.

6.    After the trial, Plaintiffs added 10 new affirmative defenses, resulting in an additional $4,687.50 in attorneys fees in addition to the $6,000.00 in attorneys fees prayed for in

3

Unofficial Copy Office of Chris Daniel District Clerk

MOTION FOR SANCTIONS OR IN THE ALTERNATIVE MOTION TO BIFURCATE TRIAL AND FOURTH MOTION FOR CONTINUANCE OF MCCARTY TRUCK WASH & LUBE, LLC AND SECOND MOTION FOR CONTINUANCE OF JUAN MUNOZ as of the time of the filing of this supplement. Those fees should be granted as a sanction for the late filing of these affirmative defenses and failure to provide discovery related thereto. Additionally, the new pleadings filed by Plaintiffs on July 28, 2014 should be struck due to their late filing, surprise to Defendants and the failure to provide discovery related thereto.

Respectfully submitted,

**SAENZ & BURKHARDT, P.L.L.C.**

Elizabeth Burkhardt

Elizabeth Burkhardt
TBA#: 03415500
5503 Lawndale
Houston, TX 77023
Phone: 832-922-2919
Fax: 713-468-5932
E-mail: Elizabeth@SaenzBurkhardt.com

CERTIFICATE OF CONFERENCE

A call has been placed to opposing counsel to attempt to confer. Counsel has chosen not to return calls. It is assumed that he is opposed to this motion.

Elizabeth Burkhardt

Elizabeth Burkhardt

4

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing motion by prodocefile on July 31, 2014 on the below listed attorneys of record.

Steve M. Willard
1920 N. Memorial Way, Ste. 207
Houston, TX 77007
Phone: 713-529-6300
Fax: 713-529-6315

Elizabeth Burkhardt
_____
Elizabeth Burkhardt

Unofficial Copy Office of Chris Daniel District Clerk

5

Cause No. 2010-56104

| | | |
|---|---|---|
| JOSE GOMEZ and | § | IN THE DISTRICT COURT OF |
| EDUARDO GOMEZ d/b/a | § | |
| BROTHERS TIRE SERVICES, INC. | § | |
|     Plaintiffs, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| MANUEL D. PINEDA d/b/a MC CARTY | § | |
| TRUCK WASH AND LUBE, INC., ET AL. | § | |
|     Defendants. | § | 215TH JUDICIAL DISTRICT |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
FIRST SUPPLEMENTAL MOTION FOR SANCTIONS AND TO STRIKE COUNTER-
DEFENDANTS' ANSWER TO COUNTER-PLAINTIFFS' COUNTER-CLAIM
AND PLAINTIFFS' FIFTH AMENDED PETITION AND
<u>APPLICATION FOR PERMANENT INJUNCTION</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs, Plaintiffs, JOSE GOMEZ and EDUARDO GOMEZ INDIVIDUALLY AND AS FORMER REPRESENTATIVES OF MCCARTY TRUCK WASH & LUBE, INC., GOMEZ MCCARTY TRUCK WASH & LUBE, INC. f/k/a MCCARTY TRUCK WASH & LUBE, INC. and BROTHERS TIRE SERVICES, INC. D/B/A MCCARTY TRUCK WASH, LUBE AND TIRES (collectively "Plaintiffs") Response to Defendants, MANUEL D. PINEDA, SUCCESSOR TO MCCARTY TRUCK WASH & LUBE, INC. ("Pineda"), MCCARTY TRUCK WASH & LUBE, L.L.C. ("McCarty") and JUAN MUNOZ ("Munoz") (Pineda, McCarty and Munoz collectively "Defendants") First Supplemental Motion for Sanctions and to Strike Counter-Defendants' Answer to Counter-Plaintiffs' Counter-Claim and Plaintiffs' Fifth Amended Petition and Application for Permanent Injunction ("Motion").

**I.
<u>RESPONSE</u>**

1.     Defendants' Motion seems to aver two (2) complaints. First, Defendants seem to

APP. TAB NO. 3

complain that Defendants have amended their pleadings from time to time. Defendants do not cite an authority that would suggest that amending a pleading is worthy of sanctions.

2. More importantly, Defendants failed to inform the Court that (a) Defendants filed a Motion to Enforce Settlement Agreement 21 days before trial alleging for the first time that there was a settlement in the case that allegedly occurred around February 6, 2012 (almost 2 ½ years before Defendants filed their motion to enforce); and (b) Defendants amended their counter-claim just 6 days before trial; both of which necessitated Plaintiffs to file affirmative defenses to the newly raised allegations. As a result of Defendants' Motion to Enforce Settlement Agreement that Plaintiffs learned for the first time that Defendants were attempting to enforce an unsigned settlement agreement. As a result, Plaintiffs amended their answer on July 28, 2014 to include ambiguity, estoppel, statute of limitations, waiver, failure to mitigate, proportionate responsibility and fraud in the inducement associated with such Motion to Enforce Settlement Agreement. Further, Defendants site no authority for sanctioning a party for amending its pleadings.

3. Second, Defendants seem to aver Plaintiffs abused the discovery process. Specifically, Defendants allege that 50 boxes of receipts were presented to Defendants "Right before trial". This allegation is not true. Plaintiffs sent 2 letters dated September 12, 2013 and December 17, 2013 informing Defendants that Plaintiffs had 50 boxes readily available for Defendants to review (see Exhibits "A" and "B" attached hereto and incorporated herein by reference). So, Defendants had more than nine (9) months to review the documents in preparation for trial. It is untenable to suggest that Plaintiffs did anything wrong in making the 50 boxes of records available to Defendants nine (9) months before trial.

2

4.      Next, Defendants contend that somehow Plaintiffs failed to produce tax documents that go to the "heart of the case". This is a trademark infringement case - tax returns have nothing to do with the "heart" of this case. As briefed by Plaintiffs, the loss of the corporate privileges in no way dissolves a company. Specifically, a "[F]orfeiture of a corporate charter does not extinguish the corporation as a legal entity so long as there is a statutory right to have the corporate charter reinstated." *Lighthouse Church v. Tex. Bank*, 889 S.W.2d 595, 601 (Tex. App. Houston [14th Dist.] 1994); *see also Parker County's Squaw Creek Downs, L.P. v. Joseph Earl Watson*, 2009 Tex.App. LEXIS 2206,*18 (Tex.App. - Fort Worth[2nd Dist.] 2009)("Neither the forfeiture of corporate privileges by the comptroller nor the forfeiture of a corporation's charter by the secretary of state extinguishes the corporation as an entity."); *Tiddies, Inc. v. Brown,* 2005 U.S. Dist. LEXIS 3456 (N.D. Tex. 2005)(same). Texas Tax Code Section 171.313 provides such a statutory right: "If a corporation's charter or certificate of authority is forfeited . . . a stockholder, director, or officer of the corporation at the time of the forfeiture . . . may request in the name of the corporation that the secretary of state set aside the forfeiture of the charter or certificate." Tex. Tax Code § 171.313. Furthermore, "Once the corporation pays the delinquent taxes and [the charter] is reinstated, the payment relates back and revives the corporate rights that were forfeited." *Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.*, 994 S.W.2d 830, 839 (Tex. App. Houston [1st Dist.] 1999). Thus, the Defendants arguments that (a) the Plaintiff lost its ownership of the trade name "McCarty Truck Wash & Lube"; and (b) that a reinstatement of its charter somehow creates a new legal entity is simply not true. Forfeiture of a charter does not extinguish the legal entity.

5.      In *Regal Construction Company, Appellant v. Phil Hansel, et ux, Appellee*, 596

*S.W.2d 150* (Tex. App. Houston [1ˢᵗ Dist.]) the Supreme Court of Texas has held that where the Secretary of State has entered on the record in his office forfeiture of the right of the corporation to do business in this state, the charter of the corporation has not thereby been cancelled nor has the corporation been dissolved. The legal title to the assets remains in the corporation, but the beneficial title to the assets of the corporation is in the stockholders. This being true, and since the right to sue has been denied to the corporation by the forfeiture, the stockholders, as beneficial owners of the assets of the corporation, may prosecute or defend such actions in the courts as may be necessary to protect their property rights. *Humble Oil & Refining Co. v. Blankenburg, 149 Tex. 498, 235 S.W.2d 891 (1951)*. The case of *McGown v. Kittel, 480 S.W.2d 47* (Tex.Civ.App. Fort Worth 1972, writ ref. n. r. e.), also cited, was an action by a shareholder of a corporation whose charter had been forfeited for nonpayment of franchise taxes to liquidate the corporation. Prior to the trial of the suit the corporate charter was reinstated. The significant holding of the court was that the forfeiture of the corporate charter did not extinguish the corporation as a legal entity so long as there was a statutory right to have the corporate charter reinstated.

6. Further, a corporation may still continue to use and keep its trademark even if its charter is forfeited. *See Tiddies, Inc. v. Brown*, 2005 U.S. Dist. LEXIS 3456 (N.D. Tex. 2005). In *Tiddies*, the assignee of a trademark forfeited its charter after receiving the assignment of the trademark. *Tiddies, Inc. v. Brown*, 2005 U.S. Dist. LEXIS at 2. The assignor began using the trademark considering that the assignee had forfeited its charter. *Id*. at 3. Applying Texas law, the court held that forfeiture of a charter does not mean a corporation has abandoned a trademark. *Id.* at 12. The court also held that the assignor in this case had infringed on the

4

assignee's trademark. *Id.*

7. Next, Defendants seek an order "compelling production of all documents provided by or received from the Secretary of State's and Comptroller of Public Accounts' offices". First, Defendants had to have requested documents before being compelled to produce something. Second, such documents must be relevant. The burden to show that the tax returns are both relevant and material to the issues in the case shifts to the party seeking to obtain the documents . *El Centro del Barrio, Inc. v. Barlow, 894 S.W.2d 775, 779 (Tex. App.--San Antonio 1994, no writ)*. "Federal income tax returns are not material if the same information can be obtained from another source." *In re Sullivan, 214 S.W.3d 622, 624-25 (Tex. App.--Austin 2006, orig. proceeding)*; *see also Garth, 214 S.W.3d at 194* (trial court abuses discretion by requiring production of tax returns when trial court's order also requires production of financial statements regarding net worth of party); *Chamberlain v. Cherry, 818 S.W.2d 201, 207 (Tex. App.--Amarillo 1991, no writ)* (holding that trial court did not abuse discretion in refusing to allow discovery of income tax returns because party seeking to obtain tax returns did not attempt to obtain other evidence of net worth, such as financial statements, and made no showing that tax returns were relevant to determination of party's financial [**9] position); *Wal-Mart Stores, Inc. v. Alexander, 868 S.W.2d 322, 331 (Tex. 1993)* (Gonzalez, J. concurring) ("[T]rial courts should not allow discovery of private financial records, such as tax returns, when there are other adequate methods to ascertain net worth . . . ."). Moreover, tax returns may not be discovered when the information sought is duplicative of information already provided. *Ramirez, 824 S.W.2d at 559*.

8. Further, Texas courts treat requests for production of tax returns differently than

5

requests for other types of financial records out of a concern for the privacy of the responding party. See, e.g., *In re: Beeson*, 378 S.W.3d 8, 12 (Tex.App. - Houston [1st Dist.] 2011). Requests for production of tax returns must be material and relevant to the issues in the case, and tax returns are not material if the same information can be obtained from another source. *In re: Beeson*, 378 S.W.3d at 12(holding that the party seeking production of tax returns "must carry its burden to show that the tax returns it seeks are relevant and would not duplicate information already provided or available through other, less-intrusive means."). Information is relevant if it tends to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the information. The requested tax returns would not lead to determining whether a trademark infringement was more or less probable.

9.      As such, Defendants Motion against Plaintiffs for amending their pleading in response to Defendants amending their counter-suit 6 days before trial alleging for the first time a breach of an alleged contract that supposedly occurred on February 6, 2012 and/or producing 50 boxes of records nine (9) months before trial and/or Defendants' request for an order for the production of tax returns should be denied.

## II.
## REQUESTED RELIEF

10.      The purpose of sanctions is to secure compliance with the rules, to deter future violations of the rules, and to punish parties that violate the rules. *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 849 (Tex. 1992). The Court should not sanction Plaintiffs because Plaintiffs have not violated any rule. They simply amended their pleadings in response to Defendants alleging a breach of a putative for the first time just six (6) days before trial. When considering

sanctions, a court must ensure that the punishment fits the crime. *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991). When a court decides to sanction, the sanctions must have a direct relationship to the offensive conduct, measured by a direct nexus among the conduct, the offender, and the sanctions imposed. *Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006); *Spohn Hosp. v. Mayer*, 104 S.W.3d 878, 882 (Tex. 2003); *TransAmerican*, 811 S.W.2d at 917. What is the "offensive" conduct here - amending their answer in response to Defendants amending their counter-claim six (6) days before trial? A court must not impose a sanction more severe than necessary to promote full compliance with the rules. *Am. Flood*, 192 S.W.3d at 583; *Spohn Hosp.*, 104 S.W.3d at 882; *Chrysler Corp.*, 841 S.W.2d at 849. Defendants have asked for the death-penalty sanctions against Plaintiffs. Yet there is no showing of any misconduct by Plaintiffs. The Court should deny Defendants' Motion because the Motion does not cite any facts or legal authority to justify any sanctions. *GTE Commc'ns Sys. Corp. v. Tanner*, 856 S.W.2d 725, 729 (Tex. 1993).

11. The Court should deny Defendants' Motion and order a trial on the merits of this case. *Chrysler Corp.*, 841 S.W.2d at 849; *see Am. Flood*, 192 S.W.3d at 583; *Spohn Hosp.*, 104 S.W.3d at 882; *TransAmerican*, 811 S.W.2d at 917.

### III.

### CONCLUSION

12. For the reasons stated above, the Defendants' Motion should be denied.

7

**IV.**

**PRAYER**

13. WHEREFORE, Plaintiffs, JOSE GOMEZ and EDUARDO GOMEZ INDIVIDUALLY AND AS FORMER REPRESENTATIVES OF MCCARTY TRUCK WASH & LUBE, INC., GOMEZ MCCARTY TRUCK WASH & LUBE, INC. f/k/a MCCARTY TRUCK WASH & LUBE, INC. and BROTHERS TIRE SERVICES, INC. D/B/A MCCARTY TRUCK WASH, LUBE AND TIRES, respectfully request that this Court deny Defendants' Motion and such other and further relief, both general and special, at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

**THE WILLIARD LAW FIRM, L.P.**

/s/ Steve M. Williard

Steve M. Williard
Texas State Bar No. 00788684
E-Mail: steve@williardlaw.com
1920 N. Memorial Way, Suite 207
Houston, Texas 77007
Phone: (713) 529-6300
Fax:    (713) 529-6315

**ATTORNEY FOR PLAINTIFFS,**
**JOSE GOMEZ and EDUARDO GOMEZ**
**INDIVIDUALLY AND AS FORMER**
**REPRESENTATIVES OF MCCARTY**
**TRUCK WASH & LUBE, INC., GOMEZ**
**MCCARTY TRUCK WASH & LUBE,**
**INC. f/k/a MCCARTY TRUCK WASH &**
**LUBE, INC. and BROTHERS TIRE**
**SERVICES, INC. D/B/A MCCARTY**
**TRUCK WASH, LUBE AND TIRES**

Unofficial Copy Office of Chris Daniel District Clerk

8

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document, Plaintiffs' Response to Defendants' First Supplemental Motion for Sanctions and to Strike Counter-Defendants' Answer to Counter-Plaintiffs' Counter-Claim and Plaintiffs' Fifth Amended Petition and Application for Permanent Injunction has been sent via electronic filing service on this 23rd day of September, 2014, to all counsel of record as follows:

Ms. Elizabeth Burkhardt *Via Electronic Filing Service*
5503 Lawndale
Houston, Texas 77023
Phone: (832) 922-2919
Fax: (713) 468-5932
*Attorney for Defendants: Manuel D. Pineda, Successor to McCarty Truck Wash and Lube, Inc., McCarty Truck Wash & Lube, L.L.C. and Juan Munoz*


/s/ Steve M. Williard
Steve M. Williard

F:\Files\Gomez, Eduardo\McCarty Truck Wash Lit\179 Response to First Supp. Mtn. for Sanctions and to Strike.wpd